## Ethan Earle vs. Francis Reed.

A negotiable note, given by an infant, is not void in the hands of the promisee; and in a suit thereon by the promisee, he may show that it was given in whole or in part, for necessaries, and may recover thereon as much as the necessaries for which it was given were reasonably worth, and no more.

A promissory note given by an infant, and signed in the presence of an attesting witness, is not barred by the statute of limitations, (Rev. Sts. c. 120, § 1,) if the action thereon is brought by the original promisee.

In an action by the promisee against the maker of a note who sets up infancy as a defence, the plaintiff, after proving that the note was given to balance an account standing on his books against the defendant, may show from his day book and leger, though they do not contain his original entries, the several articles of which the account was composed: Such evidence is competent for the purpose of showing an admission of the defendant that he received the articles, but not for the purpose of showing that the articles were necessaries, or that they were charged at fair prices.

Assumpsit on a promissory note, dated February 29th 1836, and attested by a subscribing witness, by which the defendant promised the plaintiff to pay him, or order, $18·50 on demand, with interest. There was also a count for goods sold and delivered. The action was commenced before a justice of the peace on the 25th of July 1843, and was tried in the court of common pleas, before *Cushing*, J. on appeal, at the last April term. Infancy and the statute of limitations were relied on in defence.

There was evidence at the trial, that the defendant was only eighteen years old when the note in suit was given by him. The plaintiff was then permitted to show that the note was given for necessaries. To prove this fact, he introduced as a witness J. H. Harlow, who testified that he kept the plaintiff's books when the note was given, and that he attested the note; that the note was given to balance an account standing on the plaintiff's books against the defendant. The witness then took the plaintiff's day book and leger, but not his book of original entries, and turned to the account, and stated to the jury the several articles of which the account was composed. The witness did not recollect the delivery of but one of the articles, though he was in the shop of the plaintiff at the dates of charges. The defend-

Earle *v.* Reed.

ant objected to this use of the books, but the objection was overruled.

The defendant's counsel contended that the action could not be maintained on this evidence, 1st, because. the books were improperly admitted ; 2d, because the testimony of Harlow was incompetent ; 3d, because the articles were not necessaries ; and 4th, because the account for which the note was given was barred by the statute of limitations.

The judge instructed the jury, that the evidence was competent, if believed, to show the items for which the note was given ; and that if they believed the articles, or any part of them, to be necessaries, they could find so much of the note due as the necessaries amounted to ; for if the articles were necessaries, and the note was given in payment for them, it was a valid contract, and the plaintiff could recover, to the amount of the necessaries, on the note.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions to the judge's instructions.

*Coffin,* for the defendant. A note given by an' infant for necessaries may be avoided by him. *Swasey* v. *Vanderheyden,* 10 Johns. 33. *Williamson* v. *Watts,* 1 Campb. 552. 20 Amer. Jurist, 284, and cases there cited. The plaintiff was therefore let in to show the account ; and he showed an account stated, by which an infant is not bound. *Trueman* v. *Hurst,* 1 T. R. 40. *Ingledew* v. *Douglas,* 2 Stark. R. 36.

It is a mixed question of law and fact, whether articles furnished to an infant are necessaries, and the jury should have been instructed on this point. *Maddox* v. *Miller,* 1 M. & S. 738. *Hands* v. *Slaney,* 8 T. R. 578. *Smith* v. *Young,* 2 Dev. & Bat. 26.

The plaintiff's books were not competent evidence to prove the sale and delivery of goods, because they were not the original entries, and there was no other proof of delivery, except of a single article. And clearly the books were not competent evidence of an account stated by an infant, who is not bound by such an account.

The note being voidable, and avoided by the defence of

infancy, the plaintiff is thrown back to the time of the sale and delivery of the goods, and is barred by the statute of limitations. The promise by note cannot aid him in escaping from that statute. *Gray* v. *Mendez*, 1 Stra. 556.

*W. H. Wood*, for the plaintiff. If an infant give a security for necessaries, the consideration of which can be inquired into, he is bound by it, and by the price, if reasonable ; and in an action on such security, the plaintiff is entitled to recover the sum which the necessaries were reasonably worth. 2 Dane Ab. 365. Reeve Dom. Rel. 230. *Stone* v. *Dennison*, 13 Pick. 1. See also *Parish* v. *Stone*, 14 Pick. 198. *Harrington* v. *Stratton*, 22 Pick. 516.

As the plaintiff's account was barred by the statute of limitations, he could rely only on the note. And when the defence of infancy was set up, he was rightly permitted to show that the note was given for necessaries. And for this purpose the books that were received were admissible. The witness knew that the note was given for the articles mentioned on the books, and it was therefore immaterial whether the books were transcripts or original entries. The defendant, by giving his note for those articles, acknowledged that he had received them. See Greenl. on Ev. § 436. And it was properly left to the jury to decide whether the articles were necessaries. *Lowe* v. *Griffith*, 1 Scott, 458. *Peters* v. *Fleming*, 6 Mees. & Welsb. 42. *Bent* v. *Manning*, 10 Verm. 225.

SHAW, C. J. This is a case, undoubtedly, of some difficulty. It is that of a note attested, negotiable in its terms, given by a minor but retained by the promisee, unindorsed, and sued after the promisor came of age.

The court are of opinion, in the first place, that such a note, so far as it constitutes a contract between the promisor and promisee, is not void, but voidable only ; because, in any action brought on it, the consideration is open to inquiry, and, if given for goods, it will be competent to inquire both whether the goods were necessaries, and the just value of them, and judgment may be rendered, *pro tanto,* for that

33 *

part of the note only for which a minor would be legally liable. An action will lie, on an express contract of a minor to pay for necessaries, as well as on an implied one, where the contract is of such a nature, as to leave the question of consideration open to inquiry. *Stone* v. *Dennison*, 13 Pick. 1.

That in an action by promisee against promisor, the consideration may be fully inquired into, and judgment given for that part of the note only for which there was a good consideration, was decided in the cases of *Parish* v. *Stone*, 14 Pick. 198, and *Harrington* v. *Stratton*, 22 Pick. 516.

The distinction between the contract which subsists between promisor and promisee, on a note payable to order, but not indorsed, and that which would subsist between the promisor and an indorsee after an indorsement to a third person, is recognized and illustrated in the case of *Thurston* v. *Blanchard*, 22 Pick. 18. The difference is most important, as it applies to the present case. In the former, suppose it a note given on the sale of goods, it is a mere simple express contract to pay the price of the goods, and is itself rescinded by any thing that rescinds the sale. In the latter it is an absolute contract to pay the sum stipulated, in which, in general, there can be no inquiry respecting the consideration.

Under these views, we consider this note, in the hands of the promisee, as the simple contract of the defendant for the payment of money ; and there being no consideration expressed, the infancy of the promisor, being shown, is *primâ facie* a bar to the action. But as the consideration is open to inquiry, we think it is competent for the plaintiff to show that it was given for the price of necessaries, in which he will recover only so much of the note as shall appear to have been given for necessaries, at their fair value, without regard to the price stipulated to be paid by the minor.

This being a note valid as between the parties, we think it is saved from the operation of the statute of limitations, by the proviso that it shall not apply to any action brought

Earle *v.* Reed

upon a promissory note which is signed in the presence of an attesting witness, if brought by the original payee. Rev. Sts. *c.* 120, § 4. The attestation by a witness does not vary or affect the obligation of the contract, and requires no increased capacity or discretion to make it, but only remotely affects the remedy upon it ; and there seems to be no reason why it should not apply as well to the note of a minor, when he has power to make one, as to that of a person of full age.

The only other question was, whether the books of the plaintiff — his day book and leger — as testified of by the clerk, were properly admitted. We think the books were competent for the purpose, and *to the extent for which they were used.* They were used to prove the specific items for which the note was given. The witness first stated that the note was given for the balance of an account standing on the plaintiff's books, and then turned to the books, and stated to the jury the several articles of which the account was composed. The case supposes that the defendant was present, saw the account and the balance, and, by giving his note, admitted the receipt of the articles. To this extent, his admission was competent evidence ; but not as to the nature and character of the articles, whether necessary or not, nor as to the value, whether charged at fair prices or not. All that was open to be considered by the court and jury. The court are of opinion that the books were rightly admitted, for the purposes for which they were offered and used, and that the instructions of the judge were correct.

*Exceptions overruled.*